**Leonardo LOPEZ–DIAZ, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–71538.

United States Court of Appeals, Ninth Circuit.

Submitted July 12, 2004.*

Decided July 21, 2004.

Carolyn Reinholdt, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Kurt B. Larson, Barry J. Pettinato, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

Before: HAWKINS, THOMAS, and BYBEE, Circuit Judges.

MEMORANDUM **

Leonardo Lopez–Diaz, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' ("BIA") decision dismissing his appeal from an immigration judge's ("IJ") order denying his applications for asylum and withholding of deportation. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence the BIA's denial of an application for asylum on the ground that the alien has not established eligibility, *see Meza–Manay v. INS*, 139 F.3d 759, 762 (9th Cir.1998). We deny the petition for review.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Lopez–Diaz testified that he feared persecution from guerrillas, but that they never threatened him personally and that he left Guatemala before any guerrillas tried to recruit him. Because forced recruitment by guerrillas, without more, does not amount to persecution, substantial evidence supports the BIA's affirmance of the IJ's order denying Lopez–Diaz's application for asylum. *See INS v. Elias–Zacarias*, 502 U.S. 478, 481–82, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992).

Additionally, the IJ properly relied upon a State Department Country Report to determine that conditions in Guatemala have changed such that Lopez–Diaz's fear of future persecution is not objectively reasonable. *See Gonzalez–Hernandez v. Ashcroft*, 336 F.3d 995, 1000 (9th Cir.2003).

Because Lopez–Diaz failed to establish eligibility for asylum, it follows that he failed to satisfy the more stringent standard for withholding of removal. *See Pedro–Mateo v. INS*, 224 F.3d 1147, 1150 (9th Cir.2000).

Pursuant to *Desta v. Ashcroft*, 365 F.3d 741 (9th Cir.2004), Lopez–Diaz's motion for stay of removal included a timely request for stay of voluntary departure. Because the motion for stay of removal was granted, the voluntary departure period was also stayed, nunc pro tunc, to the filing of the motion for stay of removal and this stay will expire upon issuance of the mandate.

**PETITION FOR REVIEW DENIED.**